UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rahmad Norman, | ) C/A No.: 8:12-3195-JMC-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Ted Wyndam, City of Greenwood, | ) |
| Defendant. | ) |

Plaintiff, proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983. He has named a City of Greenwood Judge as the sole Defendant. Plaintiff's Complaint contains no allegations, however, he states in his prayer for relief: "I would like to see this judge to be held accountable for the violation of my civil rights of having proper counsel present to represent me in this court room." Complaint @ 4.

Plaintiff attaches to his pleading a letter he sent to the Office of the Commission on Judicial Conduct. In the letter, Plaintiff alleges, *inter alia*, that he was tried in his absence for "doing business in the city limits," presumably without a license. The letter also indicates that he asked for a jury trial and told Defendant Wyndam he "needed time to get proper counsel." Plaintiff was apparently told he had until November 2, 2012, at which time he would have to appear in court. According to the letter, Plaintiff "contacted Mr. Geoly on November 30[1] in which he told me how much I would need

---

[1] This appears to be a typographical error, since the Plaintiff filed his complaint in this court on November 6, 2012.

1

to pay him to handle the case. I could not make it back to court on Friday Nov[.] 2, 2012[.] I called and asked the court for more time in which the cleark (sic) stated if I requested a jury trial, that they needed a letter of repsentation (sic) from my counsel. And then [K]aty looked in the computer at which time she told me the judge had tried my case with me or my counsel present." (ECF No. 1-1).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the undersigned finds for the reasons set forth hereinbelow that the complaint submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

As an initial matter, municipal court judges are judges in the State of South Carolina's unified judicial system. *See In re Hughes*, 392 S.C. 476, 710 S.E.2d 75, 75–76 (2011). As such, the

Defendant is immune from suit under the doctrine of judicial immunity for actions taken in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351–64 (1978); and *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987).

Additionally, although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, a plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Here, Plaintiff has failed to provide any allegations supporting his single sentence request for relief. As a result, his complaint would not be sufficient to put the Defendant on notice of the grounds upon which the Plaintiff's claim rests, even if the Defendant was not otherwise entitled to judicial immunity. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (noting that even *pro se* documents need to give the Defendant fair notice of what the claim is and the grounds upon which it rests). Thus, the complaint fails to state a claim upon which relief may be granted.

Finally, even if the undersigned were to construe Plaintiff's attachment to the complaint as his complaint, the Plaintiff is, in essence, attempting to use a civil rights action to appeal the decision of a city court judge. However, an appeal through the state courts, not this federal court, is the proper remedy for Plaintiff to utilize to challenge the unfavorable ruling in his case. Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending



3

criminal proceedings. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n.8 (1873)\*\* ; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*).

In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Cf. D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); and *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985). While due process requires the opportunity to be heard at a meaningful time in a meaningful manner, where state remedies exist, no due process violation has occurred. *Hudson v. Campbell*, 663 F.3d 985 (8th Cir. 2011); *see also*

---

\*\*Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955, (Tex. 1990).

4

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)(disciplinary proceedings warranted federal deference; importance of state interest called *Younger* into play; federal courts should abstain where competent state tribunal could timely decide federal issues). Since South Carolina law provides for appellate review of city court decisions, Plaintiff has access to a process that would allow him to raise his due process claims in the South Carolina courts. S.C. Code Ann. § 14-25-105 (municipal judge to make return to Court of Common Pleas in event of appeal; no appeal de novo).

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra,* 712 F.2d at 74; 28 U.S.C. § 1915.

Bristow Marchant
United States Magistrate Judge

December 17, 2012
Charleston, South Carolina

***The plaintiff's attention is directed to the important NOTICE on the next page.***



5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



6